Good morning. Good morning. My name is Louis Dell. I'm the attorney for the plaintiff, Jason Dennis. Let me start out by just being as presumptuous as I can. It's always a good thing to do. Candidly, I don't have anything of substance to add to what is already in the brief, but I would like to make the following request, and this is why I think I'm a little presumptuous. I would request that if the plaintiff is successful and the court reverses the trial court, I would ask that the court on its own motion consider transferring the case to a different trial judge. And the reason for that is I can point to at least one instance submitted in the briefs and in the supporting documents, indexes, and appendices that concern, let's talk about the motion, the ex parte application filed by Experian to amend its admission that there was no judgment in this case. They submitted that ex parte application after the motion, after any motion cutoff deadlines had passed. They did it ex parte, and the trial, the district judge did not set a briefing schedule, did not permit the plaintiff to file any opposition other than to the ex parte application in itself, but not to the motion. I'm confused by this ex parte application. Are we talking about the response to the request for admission number nine? Yes. Now, that is waived. You didn't preserve it, did you? We can't get into that issue, can we? I set that forth, set that as an issue in my brief. But you didn't argue anything in support of it. We have law that clearly says any argument that's not supported by, or the issue not supported by argument is waived. I did. I set forth the issue as that is one of the issues in the brief, and I also made that as part of the argument within my arguments about the fact that, regarding the substance of the claim of the summary judgment motion in the brief, I didn't set forth in its own specific section because I didn't feel that that was warranted in this case. But I did make that argument. In any event, you are arguing, you're giving that as an example as to why the case ought to be sent to a different district judge if there was a remand. I'm sorry, Your Honor? You were giving that as an example of that. Yes. What exactly was your brief there? I'm sorry? What exactly was your brief? My brief? Brief. My brief with the Court is that this particular district judge did not set a briefing schedule, did not permit the plaintiff to file an opposition brief or state whether the hearing was going to be held on that motion to amend. It's possible what you're saying, but in order to get the case referred to a different district judge, you have to show more than sloppiness, more than inattention to detail. You have to show that he treated other people differently, that this was a threat to some sort of bias against your client. And I, you know, we see lots of sloppy work, you know, where courts forget to do briefing schedules or whatever. You know, gosh, you know, we do it ourselves sometimes, so. I understand what, I understand the court's. Are you alleging bias? Yes. And not only that, Your Honor, it was a type of courtroom bias that went far beyond just my case. And the only evidence I can give you is. You mean he's biased against every case? He can't be biased against everybody. Okay. You know, if he's biased against everybody, then you're in the same situation as. . . It troubles me to speak this way about a district judge, first of all. But let me say this. The only thing I can say is anecdotal recitation of what happened in court the day the district court granted summary judgment against my client. There were roughly 10 or so cases, more than 10, I believe. The only plaintiff that was successful that morning was somebody who was prosecuting a default prove-up before this district judge. Every single plaintiff was either had his case dismissed or sent home because summary judgment was ruled against him. And the case before Mr. Dennis' case, the attorney was, I've got to say, he was almost in tears. And he had pointed out to the district court that this was the third time he had appealed his particular case. It was remanded back before this same district judge three times. And the result was that this judge sent him packing again. And so. . . This was a different case? Different case. It was the same day before my case on the civil docket. And. . . So you're alleging bias against plaintiffs? Yes. I'm trying to understand what your claim is here. Well, I can only recite what I personally saw on this and heard on that day. And as much as it troubles me to speak this way, I have to. And. . . You didn't put it in your brief. You didn't have to. Well, but you can't. . . You know, the problem with this type of appeal is that somehow when I crafted the appeal, I felt that I was limited to. . . I didn't know whether I could submit my own declaration at the time saying what had happened. I didn't know that whether this type of anecdotal evidence is even admissible before the court of appeal to determine whether there's some sort of courtroom-type bias against which would be permissible to show or to have the case transferred. But. . . Well, counsel, before your time runs out, what about the merits in this case? Because everything you've discussed is moot unless there's some basis upon which we are compelled to reverse this case on the merits. And what I see in this case is that this piece of paper was filed in the court records. Now, whether that was an appropriate action that the local court should have taken has nothing to do with Experian, which simply reports what they find. What's wrong with that? Okay. Here's what's wrong with that. The question that you have was addressed in the Henson case. And it assumes that if Experian is technically accurate in a little piece of information that it reports, then it has no liability under the Fair Crowd Reporting Act. Isn't that the law? No. Absolutely not. And here's why, Your Honor. It's because the Fair Credit Reporting Act imposes a duty on Experian to use the maximum to two things in this case. Number one is to report things, public records, with the maximum possible accuracy. And so there is. . . How could it have reported this any more accurately than what it found in the records? Was it supposed to go back and retry the case? Was it supposed to go back and question every judgment that it found recorded in the county records? No. What it had to do was it could report. . . It just reported what was in the docket. It didn't report what was in the stipulation, the settlement, because there was no judgment. It reported the fact that the docket said there was a judgment. And as a matter of fact, once it becomes aware that there's a problem with the public record, that the piece of information that it is reporting that may be contradicted by other public record information concerning the same case, it has the duty to reinvestigate that further information once it's been given notice of it. And it didn't do that. And that's undisputed in this case. And so I would point out. . . No. I don't mean the judgment, the piece of paper, the stipulation. No, there's evidence that my client told them that there was no judgment that had been entered and that it was settled. He didn't send them this piece of paper, which he had. It would have been the simplicity itself to say, look, you report this. Here's the underlying document. You know, he didn't do that. Well, but he doesn't have to. Because the statute. . . When you say he doesn't have to, you agree that he didn't do it. My recollection is he disputed this by telephone, and therefore he told them that there was no judgment, that this was done by settlement, and that. . . You think by not answering my question you're going to avoid. . . I mean, it's not going to matter. I asked you a simple question. Did he send them the judgment, the piece of paper? No. Okay, now we can talk about something else if you want to, but the fact remains he didn't. That's right. He could have. He had the piece of paper. He didn't do it. And now he wants to sue them because they didn't send somebody out to find this piece of paper that he himself had and could have sent to them. I wouldn't phrase it like that, quite candidly, Your Honor. Well, I realize you wouldn't, but it's a fact nevertheless. It's a fact that he didn't send them the judgment. And I have no. . . You don't dispute the second part of it, that he could have easily done that. He has access to a first-class stamp or a photo or fax machine, right? There was no impediment. He wasn't in jail. His hands weren't tied. He could have sent them the piece of paper. You're right, but. . . He could have saved himself and everybody in a lot of trouble if he had done that. No, you know why? Because Keira Williams, whose deposition I took, said that when she looked at the very document which the court's questions talks about my client could have easily sent, she looked at it and she said that was still the judgment. It wasn't. Well, they may be good at identifying what is or what isn't. Of course, this is Experian having to decide that the county records are incorrect and that the clerk has incorrectly recorded this. In some respects, Experian did your client a favor by letting him know that the thing had been misrecorded, and it took him a while to go down to the county records and get them to clear it up, didn't it? He had a self-help remedy there. He didn't even have to clear it up. There was no judgment in the first place. Right, but there was a line on the county records that your client contests was incorrectly recorded. That indicated that there was. But the way California law operates is the judgment is entered when a document called a judgment is file stamped and placed in the court file. What goes in the docket is not a judgment. That's just a one-line thing that says a one-line or two-line notation that somebody can look at to determine whether a judgment is entered. But that itself is not the judgment. When your client saw what Experian had done, why didn't he just go down to the county records and get it all cleared up? Because, you know, I can't answer why he did or did not do that. Maybe he thought that maybe he was following the directions in his credit report that said, if you have a problem with your credit report, get on the Internet, write us, call us, and tell us what the problem is. So he followed. So I don't believe he should be faulted for following Federal law in this case by doing exactly what he was told to do. But he could be faulted for not following common sense. Well, I don't think that what somebody would say, well, you should have done this, if he's not required to by the Fair Credit Reporting Act, that doesn't excuse what Experian failed to do by their lack of proper reinvestigation. So the issue is not what my client failed to do. Let's say Experian had both pieces of paper. It had the docket sheet and the underlying, I want to call it a judgment, but it's not a stipulation, right? And so it has these things that look mutually inconsistent or look like that. How do they know which is controlling? By looking at state law and saying which is the judgment. So they have to, I mean, I don't know off the top of my head what is the effect of having a judgment entered in a docket sheet of a state court. I mean, it's entirely possible that it's like a recording of a defective deed. If you record a deed defectively, that's it. It doesn't matter what the line document says. It's a cloud in the title. Let's say there's an abstract of judgment or some document that should not be recorded in the title records and the clerk erroneously records it. That's a cloud on the title, and until that's cleared up, your title insurance company will have to report it as an exception. I mean, you don't have any doubt about that. I don't know what the story is with state court and state court docket sheet. And why couldn't Expedian take the position and say, look, we've got these two inconsistent documents. We don't know which is controlling. You go clear it up. If you want to have this cleared up, you report, clear up the problem yourself, come back with a cleaner record, and then we'll take it off. Why is that a perfectly reasonable thing for them to do? It's unreasonable because the law says exactly that, as follows, that what is in the docket is not controlling. It's what is. What is it you're relying on? What now? What are you relying on for that proposition? Well, I'm saying that the judgment is defined as the piece of paper in the court file. No, no, no. You just stood there, Representative. You said the law is that what's in the docket is not controlling. Now, if you had a law that said that, that would be very helpful to you. That's set forth in the briefs. And give it to me just so I don't have to look it up. Well, it's in. What is it that you rely on that says what's in the docket is not controlling? That is set. Well, I'm going to have to go through my brief to get the specific citation. And it's also in experience brief as well. It's also in the motion for opposition for motion summary judgment. Do that while opposing counsel argues, and then when you stand up on the rebuttal, you give me a citation for that. Very well, Your Honor. Thank you. Thank you. We'll hear from opposing counsel. Good morning. May it please the Court. My name is Nair Fetter, and I represent the defendant, Experian, in this case. And actually, taking things slightly out of order, let me go right to the question that you just asked, Judge Kuczynski, which is where in California law that is dealt with. And I think what counsel is referring to is California Code of Civil Procedures 668.5. And, excuse me, actually, what 668.5 says is that in counties where the clerk places individual judgments in the file of actions, which is the case here, it then refers to judgment being entered in the register of actions. And so, although in terms of it goes on to say the date of entry is the date that the piece of paper is actually placed in the file, but it is not simply something contrary to what counsel says. It's not simply something that something is noted in the docket sheet or in the register, but that's not considered entry of judgment. The California Code of Civil Procedures specifically said it refers to the judgment being entered. Scalia. I'm waiting for the period. Katyal. It's a fair point. Scalia. Why don't we start again, and let's try short declarative sentences. Katyal. Yes. Scalia. With periods. And tell me where in this section, which I'm looking at right now, what you're talking about.  California Code 668.5 contains language referring to the judgment being, quote, entered in the register of actions. Scalia. Okay. I see it here. Right. Katyal. In other words, where it is put into the register of actions, California law refers to that as the entry of judgment. It is not simply a notation that is of no force and effect. Scalia. What is the registry of judgment? I've never heard of this.  The registry of judgment.  Is that the docket sheet? Katyal. It is a — it is not the docket sheet, although — well, scratch that, Your Honor. If you look in the excerpt of record here where this is — the register of actions entry actually is contained, you'll see that it is — Scalia. Okay. Where in the excerpt of record? Katyal. Okay. This is in the excerpt of record at — I apologize. I'm looking at the wrong page of my notes, but it is 136 to 137, civil register of actions. That's in volume one. And then there's an electronic version at pages 139, 140. Scalia. Okay. I've never heard this, I don't know. Register of actions. Okay. Katyal. And as you'll see, it is essentially a set of summary docket entries. Okay. And so what does section 668.5 say about things entered in this register of actions? Just plain, regular English so that even I can understand. Okay. 668.5 refers to entering the register of actions as an alternative to the old traditional method of entering judgments in a judgment book. There is an old method of proceeding whereby the clerk used to entry all judgments in something called the judgment book. 668.5 provides alternatives to that. Okay. And that's the more modern form. One of the alternatives is placing individual judgments in a file of actions and doing one of a couple of other things, there's a menu, one of which can be entry in the register of actions. So, and my point is simply that the California Code 668.5 refers to that act of putting it in the register of actions as entering the judgment in the register of actions, so that it's not merely a notation where counsel is arguing that this is not the entry of a judgment. In fact, that's not the case. And. 668.5 lists the exceptions to the requirement of 668. 668.5 lists essentially an alternative. Exceptions from requirement. At least that's what's on my copy. I don't have that on my copy, but I believe what that is, is it is exceptions from 668. 668 says. That's what I said. Right. And then 668.5 exceptions, but it's a countywide exception, so that in any county, and this is now the typical method of proceeding, where they proceed as set forth in 668.5, there's no judgment book. There is simply. What the statute says is the clerk shall not be required to enter judgments in a judgment book if any of these prior exceptions apply. I mean, that's how I read it. Is there another way to read it? No, Your Honor. There's not another way to read it, but I believe it's, again, the section starts off with in those counties where. So it's not, this is not a case-by-case exception situation. This is simply saying that each county makes an election as to how they're going to enter judgments. And this is the way it's done in L.A. County. All right. And you tie that back to 1681, which is the Federal statute, by what? By just simply saying that whatever you found, you accurately reported? Essentially, yes. I think that I would phrase it a little bit differently, which is to say that it was accurate to report that there was a judgment entered against Mr. Dennis in the L.A. Superior Court. And this is a judgment that was later, by express order of the Court, treated as a judgment, and the judgment was vacated. There is, at page 160 of the record, is the order of the Court in L.A. County saying that this judgment was entered, but was entered by error of the clerk's office, and we hereby vacate it. What troubles me, counsel, is that you may be saying too much. I look at that Federal statute as being very simple. You just report accurately what's in the record, and you have no further liability. But you're suggesting maybe that Experian has to go through these extra steps of analysis and look behind these documents to find out what they're really all about. Are you willing to take that on as a burden for your industry? No, Your Honor. And if I was suggesting that, then I've been unclear and perhaps made a mistake by trying to start off with the section that opposing counsel ended with. I should be very clear that there are actually three separate bases on which judgment should be affirmed here, each of which is independently sufficient. One is what Experian reported was accurate because there was a judgment entered. As Judge Kaczynski says, whether it was entered in error or not, there is a judgment on the record that has effects for creditors, can create liens, is something that Experian has to report if it's there, and it was there. You are saying that, but mine was a question. I don't know that to be the case. I would give as an example a somewhat analogous situation where we're dealing with title records, which is something I know a little bit more about. If you put something, if a cloud in the title is recorded, even if wrongly, it is a cloud in the title. But it's not at all clear to me that this is analogous. You're saying it is, but they have alleged otherwise, and this is summary judgment. And you have to show that it is undisputed that your client's credit report was accurate. So far you haven't done that. You have shown that there's a very good argument that it was accurate because they could rely on the notation in the docket sheet or in the, whatever you call it, the register of records, whatever you call it. But I'm not convinced, and I don't see where this has become an undisputed fact. Well, I'm actually saying two things. I'm not saying that it was accurate because they could rely on that. There are actually two separate arguments, or as I was saying, three separate bases. There is the accuracy of the- You gave us what I hope was your best one, and I'm not finding that persuasive. Are you backing off from that one? I'm not. I think I gave you the- Are you going to retrench? I gave you the, what I think is the, what comes logically first. Why don't you try with the old lawyer's trick of going with your best argument first? You know, that's a time and true way of winning, you know? You could try to win more exotic ways, but I just recommend you try the- Yes. Fashion way. Yes. What's your best argument? They have said, look, they have alleged at some of the judgment stage this was an inaccurate report. Yes. And they have come up with some pretty good evidence of it. They have come up with an actual judgment, an actual piece of paper that is not a judgment. So they're not making things up. This is not a situation where they are just saying, oh, you are, you know, you are creating an issue of fact, by saying, no, you don't, you know, I'm not disputing it. They actually came forward with something that to me looks like creates a plausible basis for that claim. Usually what we do with those things is we send them to trial. We let these things be sorted out at trial. Summary judgment is only for situations where the one party can win by undisputed evidence. And so your burden is to come up with that undisputed evidence. So I would give it my best shot if I were you. And, you know, due to the shortness of- You've got as much time as you need. Just go ahead. The, in addition to the accuracy point, there is the fact that Experian fully complied with any, with its reinvestigation obligation and the complete absence of- Did they come up with this piece of paper, which is not a judgment? What Experian did, as the record- I have asked you a question. You will answer the question I have asked you. Did they come up with this stipulation, which is not a judgment? I believe that their vendor may have because their vendor- They have a public records vendor. You know, saying things to me like I believe they may have tells me that this belongs in trial. You need to point to undisputed evidence, okay? Let me ask you one more time. Does the record show by undisputed evidence that they had this piece of paper? The record shows there is a reference in a deposition that is in the record that Experian had the piece of paper. Okay. However- Let's take that as a given, that they did have the piece of paper. Yes. Okay. So they now have the piece of paper and they have the entry on the docket sheet. Yes. Okay. Do they change the report to say we have looked at the piece of paper and there is no judgment? Yes or no? No, Your Honor. No, but there is an important reason for that. Why is that? If they have the piece of paper, the investigation yields evidence that there is no judgment, and they fail or neglect to change the credit report, why doesn't this create a tribal issue of fact as to whether they were negligent in the handling of the matter? Because we're skipping past an important underlying question, which is their procedure is not to collect all the pieces of paper and independently analyze. They have a public records vendor who they audit for reliability, who is responsible for looking at court records and following up on customer disputes like this one, where Experian provides the information- I know where you're going, and this is very interesting that your client is doing that, but sometimes businesses do things that they think is okay but violates federal law. Let me rephrase the question I asked earlier. If they had this piece of paper and they then failed or neglected to change the credit report to reflect, what is it in federal law that authorizes them to continue listing this as a judgment when in fact they have evidence that it's not? Where in federal law do you find that authority? No matter what their practice is, they may have to change their practices. They may have to change their business to conform with federal law because they are a highly regulated industry under federal law. Certainly, but I think it would be actually a very far-reaching and dangerous holding for the court to say that where someone contests the absence of a judgment, that it's not a reasonable reinvestigation procedure- You've given up far too much, Mr. Feather. You've said they have the piece of paper. You have- Well, I have to give up what was- I've said that there is some evidence of it in the record. You've said they have the piece of paper. So we're not at the stage where you may call up and say, hey, you're wrong. We are now at the stage where you have said they actually, as a result of the investigation, have the judgment. You could have answered differently. You could have said they didn't have it, but- But that wouldn't have been accurate based on the record. It wouldn't have been accurate, and I expect nothing less from you. So they now have the piece of paper. What is so dangerous or far-reaching or outrageous about saying that a credit company has to look at the evidence, the pieces of paper that it has in its possession, and then make an accurate assessment as to the state of the individual's credit record? Because essentially what you're talking about here would be imposing a second level of review, of reviewing the pieces of paper that the vendor has reviewed and going through the full court record and has just- They are reporting that something is a judgment when they have the actual piece of paper that says it's not a judgment. It's crossed out. It says not a judgment. The piece of paper does, in some places, judgment is crossed out. In some places it's not. A stipulation under California law can be, stipulation of settlement can be entered as a judgment. The court records here reflected that it was entered as a judgment. The Los Angeles Superior Court later went back and issued an order saying that this stipulation was erroneously entered as a judgment and were vacating the judgment. So the fact that they had a piece of paper that said stipulation does not mean that their vendor's determination that, remember, they got a request- You'd better finish that sentence. It does not mean that their vendor's determination- I would like to have you actually give two sentences. Does not mean that their vendor's determination that, in fact, there was a judgment against Mr. Dennis was incorrect. Why not? Why not? If a reasonable person looking at that piece of paper would say nobody in their right mind would think that's a judgment, why wasn't that incorrect and why wasn't it negligent? Why couldn't a jury find that it was negligent of your client to report this as a judgment when, as it's passed around to the various members of the jury, they look at it and say, you'd have to be a fool to think this is a judgment. Why isn't this exactly the kind of issue we let 12 good men and women from our community- community decide? Well- Why isn't this- Why haven't you just talked your way out of summary judgment? Because, again, I don't think that there's reasonable-that it's subject to reasonable dispute that- I don't know. I've looked at the piece of paper, and I think it is. I think if you look at the piece of paper, I think you'd have to be a fool to report that as a judgment. Either a fool or negligent or malicious. But, again, the determination- Why is that- Why is that enough to survive summary judgment? Because the determination-the evidence in the record is that Experian delegates the determination as to whether in a situation like this, whether there's a judgment or not, what the court docket reflects to a vendor. Why is that- They- Why is that reasonable for it to do under federal law? Under federal law, it has a responsibility to ensure the accuracy of it. And if it chooses to entrust this to somebody, that is their agent, and they are held responsible for mistakes or faults or shortcomings of the agent. The fact that they delegate it can never relieve them of responsibility under the law, can it? Well, if they delegate it and follow procedures, as the record reflects, they do to monitor their vendors to be sure that they do reliable work, and they send them questions such as here where Mr. Dennis called up and said there was never a judgment entered. They send it out to a vendor saying the consumer says no judgment was entered, and the vendor goes to the court record to determine yes or no, that is- And they find this piece of paper, and this piece of paper says it's not a judgment. I'm not sure where you're going with this. Well, the- But I- Again, I think that they are checking with the provider of the information and taking reasonable steps to assure that they're getting it. I think your position is, and I think we probably need to bring this to a close. Yes. Your position is that they could, fairly under federal law, look at this piece of paper that says this is not a judgment, and they, you know, if you were a lawyer advising them, you would say go ahead and report this as a judgment. It's perfectly okay for you to report it as a judgment. No, that's not the- Well, you said that they had the piece of paper. But receiving backup and having a procedure where you do a re-review- They had the piece of paper. They had the piece of paper. They could have looked at it. They should have looked at it. And unless you take the position that you can look at this piece of paper and then say that's perfectly fine, it's a judgment, if you want to take that position, which I hear you're not taking, I don't see how you get out of the summary judgment, how you can possibly get out of this case at the summary judgment stage. Yeah. Well, you know, I won't belabor the point that I think that they can delegate the determination to a liable vendor and then don't have to go through and review the backup that the vendor sends to support its determination. But I think that, you know, I just don't want to sit down before mentioning one other thing that gets no mention in the Plaintiff's Brief at all, which is the complete absence of any competent evidence of injury. The Plaintiff puts in – has put in a bunch of letters from credit card companies. We have seen this in your – in your – in your brief.  Thank you. Thank you, Your Honor. 30 seconds. Let me just address one thing before I get to the court's question that I know I wanted. Sometimes I tend to be bombastic and say what because I can't hear the court. 27 seconds. Because I'm deaf in one ear. 24. At least that's what I tell my wife.  Page 23. Of what? Of the opening brief, Your Honor. You're going to make me look it up? No. Do you want me to read it? No, that's okay. That's it? No. You had asked – you had asked which – where I cited the code section that was – it was discussed by counsel in the court 668. Your Honor, 668.5. Right. And also the Palmer – the Supreme Court Palmer case. Thank you. The case is signed. You will stand submitted. Thank you, Your Honor.
judges: Kozinski, O'scannlain, Bybee